UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

OSCAR AMADO SALES-LOPEZ,

      Petitioner,

v.                                                            Case No. 3:26-cv-1013-MMH-MCR

WARDEN FLORIDA BAKER
CORRECTIONAL INSTITUTE, et al.,

      Respondents.

_____

## TEMPORARY RESTRAINING ORDER

Petitioner Oscar Amado Sales-Lopez, an immigration detainee at Baker Correctional Institute, initiated this action through counsel by filing a Petition for a Writ of Habeas Corpus (Doc. 1; Petition) on April 24, 2026. Sales-Lopez appears to argue that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and is entitled to a bond hearing. See generally id. As relief, he asks the Court to order his immediate release. Id. at 11.

Along with his Petition, Sales-Lopez has filed an Emergency Motion for Temporary Restraining Order, Stay of Removal Proceedings, and Preservation of this Court's Jurisdiction (Doc. 5; Motion). In the Motion, Sales-Lopez seeks issuance of an order enjoining Respondents from: (1) transferring him outside of this Court's jurisdiction during the pendency of this case; (2) taking further

action in his removal proceedings; and (3) removing him from the United States.[1] Id. at 4–5.

Injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, "is an extraordinary and drastic remedy." Wreal, LLC v. Amazon.com, Inc., 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000)). To secure an injunction, a party must establish four elements: (1) a substantial likelihood of success on the merits; (2) irreparable injury absent an injunction; (3) the injury outweighs whatever damage an injunction may cause the opposing party; and (4) an injunction is not adverse to the public interest. Citizens for Police Accountability Pol. Comm. v. Browning, 572 F.3d 1213, 1217 (11th Cir. 2009) (per curiam) (internal citation omitted); Keister v. Bell, 879 F.3d 1282, 1287–88 (11th Cir. 2018). Notably, where the government is the party opposing the injunction, the third and fourth factors merge. See Gonzalez v. Governor of Ga., 978 F.3d 1266, 1271 (11th Cir. 2020) (discussing elements of a preliminary injunction against a government entity). The movant must clearly establish

---

[1] The Court notes that while Sales-Lopez seeks entry only of a temporary restraining order; he also requests that the Court enjoin Respondents from transferring him outside the jurisdiction of the Court while the matter is pending. A temporary restraining order, which is issued without notice, ordinarily grants relief for no more than 14 days. See Fed. R. Civ. P. 65(b)(2). Given that the relief Sales-Lopez seeks will extend beyond the 14 days, the Court construes the Motion as seeking entry of a preliminary injunction as well.

the burden of persuasion as to the four requisites. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998).

Upon review of the record, the Court finds that Sales-Lopez has shown a substantial likelihood of success on his claim that his mandatory detention pursuant to 8 U.S.C. § 1225(b)(2) is unlawful. And considering the allegations in the Motion and Petition, the Court finds that a temporary restraining order to maintain the status quo is warranted. See Fernandez-Roque v. Smith, 671 F.2d 426, 429 (11th Cir. 1982) ("One inherent characteristic of a temporary restraining order is that it has the effect of merely preserving the status quo[.]"). Without interim relief to maintain the status quo, Sales-Lopez's transfer outside of this Court's jurisdiction could delay the Court's adjudication of this case. If he is ultimately granted the relief he seeks (release from ICE custody), he may incur costs and potentially face difficulties in returning home. The exigency of Sales-Lopez's potential unlawful detention and removal from this District necessitates entry of this temporary restraining order without notice to Respondents. As such, the Motion is granted to the extent that the Court will enjoin Respondents from removing Sales-Lopes from the Middle District of Florida. Moreover, because there is no realistic likelihood of prejudice to Respondents from the issuance of this limited restraint, the Court exercises its discretion to dispense with the requirement that Sales-Lopez

3

provide security under Rule 65(c), Federal Rules of Civil Procedure (Rule(s)). See Ajugwe v. Noem, No. 8:25-CV-982-MSS-AEP, 2025 WL 1370212, at *10 (M.D. Fla. May 12, 2025) (exercising "discretion to waive the bond requirement in Fed. R. Civ. P. 65(c)").

Notably, this Court does not have jurisdiction to issue a stay of removal because an order staying removal is a challenge to the Attorney General's decision to "execute [a] removal order." 8 U.S.C. § 1252(g). As such, Sales-Lopez's request that the Court issue a stay of removal is denied.

Accordingly, it is **ORDERED**:

1.     Sales-Lopez's Emergency Motion for Temporary Restraining Order, Stay of Removal Proceedings, and Preservation of this Court's Jurisdiction (Doc. 5) is **GRANTED in part and DENIED in part**. The Motion is **GRANTED** to the extent that Respondents and any officers, agents, servants, employees, attorneys, and persons in active concert or participation with Respondents who receive actual notice of this Order, are enjoined from removing Sales-Lopez from the Middle District of Florida up to and including **May 27, 2026**, unless this temporary restraining order is extended or earlier dissolved. The security required by Rule 65(c) is waived. The Motion is **DENIED** in all other respects.

4

2.     Sales-Lopez's counsel shall also immediately serve via e-mail a copy of this Order, the Motion (Doc. 5), and Petition (Doc. 1) on the appropriate U.S. Customs and Immigration Enforcement officials. See Local Rule 6.01(c).

3.     Upon consideration of the file, the Court will consolidate consideration of the construed request for a preliminary injunction with an adjudication of the Petition on the merits. See Fed. R. Civ. P. 65(a)(2) ("Before or after the beginning of the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing."). Therefore, by **May 18, 2026**, Respondents shall respond to the construed request for a preliminary injunction and show cause why the Petition should not be granted.

4.     After Respondents file a response, Sales-Lopez shall file a reply to Respondents' response by **May 21, 2026**.

**DONE AND ORDERED** at Jacksonville, Florida this 13th day of May, 2026, at 11:00 a.m.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 5/13
c:     Counsel of record