UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

OSCAR AMADO SALES-LOPEZ,

        Petitioner,

v.                                                    Case No. 3:26-cv-1013-MMH-MCR

WARDEN, FLORIDA BAKER
CORRECTIONAL INSTITUTE, et al.,

        Respondents.

_____

## **ORDER**

Petitioner Oscar Amado Sales-Lopez, an immigration detainee, is proceeding through counsel on a Petition for a Writ of Habeas Corpus (Doc. 1; Petition).[1] Sales-Lopez is a citizen of Guatemala who entered the United States without inspection on an unknown date. Petition at 2. In September 2025, United States Immigration and Customs Enforcement (ICE) took custody of Sales-Lopez. Id. Sales-Lopez raises various challenges to his immigration

_____

[1] Sales-Lopez also filed an Emergency Motion for Temporary Restraining Order, Stay of Removal Proceedings, and Preservation of this Court's Jurisdiction (Doc. 5). On May 13, 2026, the Court granted in part Sales-Lopez's request for a temporary restraining order and enjoined Respondents from removing him from the Middle District of Florida through May 27, 2026. See Temporary Restraining Order (Doc. 8). The Court also notified the parties that it would consolidate consideration of the construed request for a preliminary injunction with an adjudication of the Petition on the merits and set a briefing schedule. See id.

detention and seeks, <u>inter alia</u>, either immediate release or an individualized bond hearing. <u>See</u> <u>id.</u> at 8–11.

Respondents filed a Response (Doc. 10; Response) asserting that they are now detaining Sales-Lopez under 8 U.S.C. § 1226(a), and conceding that to the extent he seeks an individualized bond hearing, the Court should grant the Petition based on the Eleventh Circuit Court of Appeals' recent decision in <u>Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami</u>, - - - F.4th - - -, 2026 WL 1243395, at *14 (11th Cir. May 6, 2026) (concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior").

Sales-Lopez filed a counseled Reply (Doc. 12; Reply). He asks the Court, among other things, to accept Respondents' concession that he is entitled to a bond hearing and direct that he be afforded an individualized bond hearing within seven days. Reply at 1. When Sales-Lopez was detained in September 2025, he was not seeking entry at the border; therefore, as Respondents now concede, he is not subject to § 1225 and instead is detained under § 1226. <u>See</u> <u>id.</u> at *21 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

2

Accordingly, it is **ORDERED**:

1.    Sales-Lopez's Petition for a Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act.[2] Within **seven days** of this Order, Respondents shall either afford Sales-Lopez an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him. If Respondents release Sales-Lopez, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2.    Sales-Lopez's construed request for a preliminary injunction (Doc. 5) is **DENIED as moot**.

3.    The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 26th day of May, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

---

[2] Because the Court finds that Sales-Lopez is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

Jax-9 5/26
c:
Counsel of Record